be determinative of the admissibility of any such testimony at trial.

**Mozella SIMS–EILAND, Plaintiff,**

v.

**DETROIT BOARD OF EDUCATION, Reginald Cunningham and Lorraine Cunningham, Defendants.**

**No. Civ.A. 98–CV–73914–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

· Feb. 12, 1999.

Mozella Sims–Eiland, Detroit, MI, Pro se.

2. In its sur-reply CIGNA has provided a laundry list of areas of inquiry.

William F. Dennis, Riley & Roumell, Detroit, MI, for Detroit Board of Education, defendant.

Robert J. Katz, Carl G. Becker, Becker & Gibson, Pontiac, MI, for Reginald Cunningham and Lorraine Cunningham defendants.

## ORDER DENYING DEFENDANT'S MOTION TO REASSIGN CASE PURSUANT TO E.D.MICH. LR 83.11(b)(2)

ZATKOFF, District Judge.

This case is assigned to Judge George E. Woods. Judge Woods has referred a portion of the defendant Detroit Board of Education's Motion to Reassign Case to me in my capacity as Chief Judge. Plaintiff has responded to defendant's motion and defendant has replied. The facts and legal arguments are adequately presented in the briefs, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D.Mich. LR 7.1(e)(2), it is hereby ORDERED that this portion of the motion be resolved without entertaining oral argument. For the reasons that follow, this portion of defendant's motion is DENIED.

Plaintiff Mozella Sims–Eiland commenced this action on September 29, 1998. She alleges that defendant Detroit Board of Education discriminated against her based on her race, color, gender and religion, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Complaint ¶ 10. On the civil cover sheet, filed together with the complaint, plaintiff indicated that this case may be related to Civil Action No. 92–76328, assigned to Judge Denise Page Hood. Judge Woods contacted Judge Hood about the possibility of transferring the instant case to her docket pursuant to E.D.Mich. LR

83.11(b)(7).[1] Judge Hood declined to accept the reassignment of Judge Woods' case.

Defendant Detroit Board of Education subsequently filed a motion in this matter entitled "Motion to Reassign Case from United States Senior District Judge George E. Woods to United States District Judge Denise Page Hood as a Companion Case Pursuant to Local Rule 83.11(b), (2) and (7)." In this motion, defendant "prays that either the Chief Judge of the United States District Court for the Eastern District of Michigan, or jointly between Judges George E. Woods and Denise Page Hood, grant the instant motion and ... order[ ] that the instant case be immediately reassigned to Judge Denise Page Hood." After this motion was filed, Judge Woods again contacted Judge Hood, and again Judge Hood declined to accept reassignment. Judge Woods then issued an order denying in part defendant's motion to reassign. Judge Woods denied defendant's motion insofar as it sought reassignment pursuant to E.D.Mich. LR 83.11(b)(7) for this reason:

> Defendant's argument that the two cases meet the definition [of companion cases] contained in the rule is immaterial in light of the provision in the rule that requires that the Judge having the earlier case number consent to an order of reassignment. Because Judge Hood has declined reassignment, Defendant's motion must be denied.

Order Denying in Part Defendant's Motion to Reassign Case (Woods, J.), p. 3.

In this order Judge Woods also referred to me, in my capacity as Chief Judge, the portion of defendant's motion that seeks reassignment pursuant to E.D.Mich. LR 83.11(b)(2). That provision of the local rules states:

**1.** Local Rule 83.11(b)(7) states:

> (7) Companion Cases.
>   (A) Companion cases are those cases in which it appears that:
>   (i) substantially similar evidence will be offered at trial, or
>   (ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

> (B) Counsel ... or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the civil case cover sheet.
>   (C) When it becomes apparent to the Judge to whom a case is assigned and to a Judge having an earlier case number that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number.

To promote docket efficiency, or to conform to the requirement of any case management plan adopted by the Court, or upon consent of the parties, or after notice and hearing, or in the interests of justice, the Chief Judge may order a civil case to be reassigned, *but only with the consent of the Judge to whom the case was originally assigned and with the consent of the Judge to whom it is to be reassigned.*

(Emphasis supplied.) While this local rule gives the Chief Judge authority to reassign cases under certain circumstances, the rule clearly limits this authority by requiring that both of the judges to whom the two cases have been assigned consent to any reassignment. If either the "assignor" or the "assignee" judge declines to consent, the Chief Judge lacks any reassignment authority under this local rule. In the present case, Judge Hood has concluded that Judge Woods' case is not a companion to hers and she has declined to accept the reassignment. Judge Hoods' decision to decline reassignment ends the inquiry. Accordingly,

IT IS ORDERED that defendant's Motion to Reassign Case is denied insofar as it seeks reassignment pursuant to E.D.Mich. LR 83.11(b)(2).